**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **RENEE SHIPLEY** | * | |
| | * | **CIVIL ACTION NO.:** |
| | * | |
| **VERSUS** | * | **SECTION:** |
| | * | |
| **LAKELAND TOURS, LLC,** | * | |
| **PROSIGHT SPECIALTY INSURANCE,** | * | **MAG. DIV.:** |
| **STEVEN CHARLES,** | * | |
| **"JOHN DOE" INSURANCE COMPANY, &** | * | |
| **STATE FARM MUTUAL AUTOMOBILE** | * | |
| **INSURANCE COMPANY** | * | |
| | * | |
| ********************************************* | | |

**COMPLAINT FOR DAMAGES**

**MAY IT PLEASE THE COURT:**

NOW COMES, through undersigned counsel, Plaintiff, Renee Shipley, a person of full age of majority residing and domiciled in Satsuma, Alabama, who respectfully pleads the following averments:

**DEFENDANTS**

The Defendants to the civil action herein are:

1. Defendant, Lakeland Tours, LLC, its employee, and all of its affiliates, subsidiaries, successors, predecessors as well as any and all related entities and division companies, hereinafter ["Lakeland"], is a foreign Limited Liability Company registered and existing under the laws of the State of Mississippi, domiciled in the State of Mississippi and operates its principal place of business in Gulfport, Mississippi.

2. Defendant, ProSight Specialty Insurance Company and all of its affiliates, subsidiaries, successors, predecessors as well as any and all related entities and division companies, hereinafter ["ProSight"], is a foreign insurance company incorporated and existing under the laws of the State of New Jersey, domiciled in New Jersey, and operating its principal place of business in Morristown, New Jersey.

3. Defendant, Steven Charles, is a person of full age of majority residing and domiciled in the State of Louisiana, Parish of Jefferson.

4. "John Doe" Insurance Company, and all of its affiliates, subsidiaries, successors, predecessors as well as any and all related entities and division companies, hereinafter ["John Doe"], is a foreign insurance company authorized to do and doing business in Louisiana.

5. Defendant, State Farm Mutual Automobile Insurance Company, and all of its affiliates, subsidiaries, successors, predecessors as well as any and all related entities and division companies, hereinafter ["State Farm"], is a foreign insurance company licensed and domiciled in the State of Illinois, and operates its principal place of business in Bloomington, Illinois.

**JURISDICTION AND VENUE**

6. This Honorable Court possesses subject matter jurisdiction over the claims set forth herein based on the complete diversity of citizenship of the parties in accordance with 28 U.S.C. § 1332. In addition, the amount in controversy exceeds $75,000.00, exclusive of costs and legal interest as required by 28 U.S.C. § 1332.

7. This Honorable Court possesses personal jurisdiction over each of the non-resident Defendants named herein pursuant to the provisions of the Louisiana Long-Arm Statute, La. R.S. 13:3201. Furthermore, this Court's exercise of personal jurisdiction over each named Defendant

is consistent with the constitution of this state and of the Constitution of the United States of America.

8. Venue is proper in the Eastern District of Louisiana as this is the geographic federal district where the Plaintiff, Renee Shipley, sustained severe bodily injuries, compensatory damages and other insured covered losses on or about April 22, 2016 when she was injured as a passenger on a chartered bus in New Orleans, Louisiana caused by the negligent, careless, and reckless conduct committed by Defendant Steven Charles and the bus driver for Lakeland Tours, LLC.

9. Moreover, as set forth fully below, the remaining Defendant insurers, ProSight, "John Doe" and State Farm entered into contractual agreements to cover the losses resulting from the April 22, 2016 incident, which is the subject of this litigation.

**FACTS OF THE ACCIDENT**

10. On or about the afternoon of April 22, 2016, Plaintiff, Renee Shipley was a passenger on a chartered bus with her grandson's school class on a field trip from Saraland, Alabama to the Audubon Zoo in New Orleans, Louisiana. On the return trip to Saraland, Alabama, the driver of the bus in which Plaintiff was a passenger, one of two chartered busses for the field trip, was following the lead bus travelling north on Carrolton Avenue near its intersection with Washington Avenue in New Orleans about to approach the on-ramp to Interstate 10. While attempting to catch up to the lead bus, upon information and belief, a blue pickup truck operated by Defendant Steven Charles cut in front of the bus on which Plaintiff was a passenger to enter the gas station on the corner of Washington Avenue and Carrolton Avenue. This action by Defendant Steven Charles caused the bus driver of the passenger's bus to have to slam on the

brakes to avoid colliding with the blue pickup truck. Due to this sudden stop, Plaintiff, who was standing and reaching for something in the overhead compartment, was hurled forward, falling to the floor and sustaining severe injuries.

11. As the driver of Plaintiff's bus pulled over, one of the other passengers got out and took a photograph of the license plate of the blue pickup truck operated by Defendant Steven Charles (LA B948764). Plaintiff was transported to Ochsner Hospital Emergency Room by ambulance for medical treatment.

12. Upon impact with the floor of the bus, the Plaintiff, Renee Shipley, sustained severe physical injuries including a fractured clavicle, and injuries to her head, neck, and numerous contusions. In addition, Plaintiff, as a direct result of the negligent, careless and reckless conduct of Defendants, Steven Charles and the bus driver for Lakeland, has undergone continuous medical treatment for orthopedic, musculoskeletal, injuries, including a fractured clavicle, which were directly caused by this incident for which she seeks compensatory recovery.

13. As set forth fully below, Plaintiff seeks all compensatory damages and all other legal and equitable relief for the injuries, pain and suffering, and any other damages which were directly, legally, and proximately caused by the wrongful, negligent, reckless, conduct of Defendants, Steven Charles, and Lakeland through the doctrine of *respondeat superior*, as the bus driver was in the course and scope of her employment with Lakeland at the time of this accident. In addition, Plaintiffs seek compensatory recovery from the Defendants' insurers, "John Doe" and ProSight, as well as Plaintiff's uninsured/underinsured motorist carrier, State Farm, for all covered losses for which they are contractually responsible to insure arising out of the accident on April 22, 2016.

**COUNT I: LAKELAND TOURS, LLC**

14. Plaintiff includes each preceding paragraph of her Complaint as if included *in extenso.*

15. Upon information and belief, the Defendant, Lakeland, employed the bus driver who was attempting to catch up to the lead bus and was travelling too fast for the traffic conditions around her, failing to observe ordinary care and caution commensurate with the circumstances. Due to the negligent, careless, and reckless conduct of the bus driver employed by Lakeland, Defendant Lakeland is responsible jointly, severally, and in solido for all general and special damages incurred by the Plaintiff, Renee Shipley.

16. Plaintiffs therefore seek recovery from Lakeland for all losses sustained by the Plaintiff by virtue of the doctrine of *respondeat superior*, as the bus driver was in the course and scope of her employment with Lakeland at the time of this incident.

17. As a result of the wrongful, negligent, and reckless conduct on the part of Lakeland, Plaintiff, Renee Shipley seeks the following compensatory damages allowed by law, which were directly, legally, and proximately caused by the conduct of the Defendant:

A. General Damages:

    1. Conscious Physical Pain and Suffering;
    2. Conscious Mental Pain and Suffering;
    3. Permanent Impairment;
    4. Loss of Enjoyment of Life;

B. Special Damages;

    1. Past and Future Medical Expenses;

18. The Plaintiff reserves the right to amend Count I as additional facts become known in the course of litigation.

WHEREFORE, Plaintiff, Renee Shipley prays that the Defendant, Lakeland, be duly served with a copy of this Complaint and be summoned to appear and answer same and after due proceedings are held that there be Judgment granted herein in favor of Plaintiffs and against Defendant, Lakeland, for all sums reasonable in the premises, together with legal interest thereon from the date of judicial demand, until paid, for all costs of these proceedings and for all general and equitable relief.

**COUNT II: PROSIGHT SPECIALTY INSURANCE**

19. Plaintiff includes each preceding paragraph of her Complaint as if included *in extenso.*

20. Upon information and belief, the Defendant, ProSight, at all times mentioned, entered into a contractual agreement with Lakeland to insure losses occasioned by its liability in operating its chartered busses, which due to the negligent, careless, and reckless conduct of Lakeland's driver, was a legal cause of the injury to Plaintiff Renee Shipley as well as all general and special damages incurred by the Plaintiff, Renee Shipley.

21. Plaintiff therefore seeks recovery from Defendant ProSight for all insured and covered losses sustained by the Plaintiff by virtue of ProSight's contractual insurance agreement with Lakeland due to the negligent operation of the bus operated by one of its employees for the following compensatory damages allowed by law which were directly , legally, and proximately caused by the conduct of the Defendant's insured:

A. General Damages:

1. Conscious Physical Pain and Suffering;
2. Conscious Mental Pain and Suffering;
3. Permanent Impairment;
4. Loss of Enjoyment of Life;

B. Special Damages;

1. Past and Future Medical Expenses;

22. The Plaintiff reserves the right to amend Count II as additional facts become known in the course of litigation.

WHEREFORE, Plaintiff, Renee Shipley, prays that the Defendant, ProSight, be duly served with a copy of this Complaint and be summoned to appear and answer same and after due proceedings are held that there be Judgment granted herein in favor of Plaintiff and against Defendant, ProSight, for all sums reasonable in the premises, together with legal interest thereon from the date of judicial demand, until paid, for all costs of these proceedings and for all general and equitable relief.

**COUNT III: STEVEN CHARLES**

23. Plaintiff includes each preceding paragraph of her Complaint as if included *in extenso.*

24. On April 22, 2016, Defendant, Steven Charles was driving a blue 2010 Ford F-150 truck, Louisiana license plate B948764, northbound on Carrolton Avenue in New Orleans, Louisiana. In attempting to enter a gas station on the corner of Carrolton Avenue and Washington Avenue, Defendant Steven Charles cut in front of the bus in which Plaintiff was a passenger, causing the bus to slam on her brakes which in turn caused Plaintiff to be hurled forward, falling to the floor and causing her severe injuries.

25. Plaintiffs therefore seek recovery from Defendant Steven Charles for all losses sustained by the Plaintiff for failing to observe ordinary care and caution commensurate with the circumstances and is responsible jointly, severally, and in solido for all general and special damages incurred by the Plaintiff, Renee Shipley.

26. As a result of the wrongful, negligent, careless, and reckless conduct on the part of the Defendant Steven Charles, Plaintiff, Renee Shipley, seeks the following compensatory damages allowed by law, which were directly, legally, and proximately caused by the conduct of the Defendant:

A. General Damages:

1. Conscious Physical Pain and Suffering;
2. Conscious Mental Pain and Suffering;
3. Permanent Impairment;
4. Loss of Enjoyment of Life;

B. Special Damages;

1. Past and Future Medical Expenses;

27. The Plaintiff reserves the right to amend Count III as additional facts become known in the course of litigation.

WHEREFORE, Plaintiff, Renee Shipley, prays that the Defendant, Steven Charles, be duly served with a copy of this Complaint and be summoned to appear and answer same and after due proceedings are held that there be Judgment granted herein in favor of Plaintiff and against Defendant, Steven Charles, for all sums reasonable in the premises, together with legal interest thereon from the date of judicial demand, until paid, for all costs of these proceedings and for all general and equitable relief.

**COUNT IV: "JOHN DOE" INSURANCE COMPANY**

28. Plaintiffs include each preceding paragraph of their Complaint as if included *in extenso.*

29. Upon information and belief, the Defendant, "John Doe", entered into a contractual agreement with Steven Charles to insure losses occasioned by his liability in operating the blue

2010 Ford F-150 truck, which due to the negligent, careless, and reckless conduct of Steven Charles, was a legal cause of the accident on April 22, 2016 as well as all general and special damages incurred by the Plaintiff, Renee Shipley.

30. Plaintiffs therefore seeks recovery from “John Doe” for all insured and covered losses sustained by the Plaintiff by virtue of “John Doe’s” contractual insurance agreement with Steven Charles and his negligent operation of the blue 2010 Ford F-150 truck.

31. As a result of the wrongful, negligent, careless, and reckless conduct on the part of the Defendant, “John Doe’s”, insured Steven Charles, Plaintiff, Renee Shipley, seeks the following compensatory damages allowed by law, which were directly, legally, and proximately caused by the conduct of the Defendant’s insured:

A. General Damages:
   1. Conscious Physical Pain and Suffering;
   2. Conscious Mental Pain and Suffering;
   3. Permanent Impairment;
   4. Loss of Enjoyment of Life;

B. Special Damages;
   1. Past and Future Medical Expenses;

32. The Plaintiffs reserve the right to amend Count IV as additional facts become known in the course of litigation.

WHEREFORE, Plaintiff, Renee Shipley, prays that the Defendant, “John Doe”, be duly served with a copy of this Complaint and be summoned to appear and answer same and after due proceedings are held that there be Judgment granted herein in favor of Plaintiff and against Defendant, John Doe, for all sums reasonable in the premises, together with legal interest thereon

from the date of judicial demand, until paid, for all costs of these proceedings and for all general and equitable relief.

**COUNT V: STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

33. Plaintiffs include each preceding paragraph of their Complaint as if included *in extenso.*

34. Upon information and belief, Defendant, State Farm, entered into a contractual agreement with Plaintiff, Renee Shipley, to provide uninsured/underinsured motorist coverage for insured covered losses resulting from her injuries in the incident on April 22, 2016 while a passenger on a bus or other motor vehicle which was in full force and effect on the date of this injury.

35. Plaintiff therefore seeks recovery from State Farm for all insured and covered losses sustained by the Plaintiff by virtue of State Farm's contractual insurance agreement with Renee Shipley covering her for injuries sustained from an uninsured/underinsured vehicle on April 22, 2016.

36. Plaintiff, Renee Shipley, seeks the following compensatory damages allowed by law, which were directly, legally, and proximately caused by the motor vehicle incident on April 22, 2016:

A. General Damages:

1. Conscious Physical Pain and Suffering;
2. Conscious Mental Pain and Suffering;
3. Permanent Impairment;
4. Loss of Enjoyment of Life;

B. Special Damages;

1. Past and Future Medical Expenses;

37. The Plaintiff reserves the right to amend Count V as additional facts become known in the course of litigation.

WHEREFORE, Plaintiff, Renee Shipley, prays that the Defendant, State Farm, be duly served with a copy of this Complaint and be summoned to appear and answer same and after due proceedings are held that there be Judgment granted herein in favor of Plaintiff and against Defendant, State Farm, for all sums reasonable in the premises, together with legal interest thereon from the date of judicial demand, until paid, for all costs of these proceedings and for all general and equitable relief.

Respectfully Submitted,

**DAVIS, SAUNDERS, MILLER & ODEN**

BY: *\/s/ Carisa German-Oden*

**BENJAMIN B. SAUNDERS #11733**
**JOSEPH M. MILLER #30636**
**CARISA GERMAN-ODEN #31463**
**NICHOLAS B. CASTROGIOVANNI#26235**
400 Mariners Plaza Drive, Suite 401
Mandeville, Louisiana 70448
Telephone: (985) 612-3070
Facsimile: (985)612-3072

**Attorneys for Plaintiff,**
**Renee Shipley**