UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RENEE SHIPLEY | * | |
| | * | CIVIL ACTION |
| VERSUS | * | |
| | * | |
| LAKELAND TOURS, LLC, | * | NO. 17-3778 |
| PROSIGHT SPECIALTY INSURANCE, | * | |
| "JOHN DOE" INSURANCE CO. | * | |
| & STATE FARM MUTUAL | * | SECTION "L" (2) |
| AUTOMOBILE INSURANCE COMPANY | * | |

## ORDER AND REASONS

Before the Court is Defendants Lakeland Tours, LLC and ProSight Specialty Insurance's motion to dismiss.[1] Rec. Doc. 11. Plaintiff opposes the motion. Rec. Doc. 14. Having considered the parties' arguments, submissions, and applicable law, the Court now issues this Order and Reasons.

## I. BACKGROUND

This personal injury case arises from a passenger's fall aboard a chartered bus. In the afternoon of April 22, 2016, Plaintiff Renee Shipley was a passenger on one of Lakeland's chartered buses. Rec. Doc. 3. She was accompanying her grandson on a field trip from Saraland, Alabama, to the Audubon Zoo in New Orleans, Louisiana. Two Lakeland buses were chartered for the field trip. *Id.*

On the return journey, Ms. Shipley rode on the second, trailing bus. *Id.* At some point during the return trip, Ms. Shipley left her seat to get something from the overhead compartment. *Id.* at 3-4. Meanwhile, in attempt to catch up to the lead bus traveling towards the on-ramp to

---

[1] This motion was initially filed in Section F of the Court before the Honorable Martin L.C. Feldman. On September 29, 2017, Judge Feldman recused himself from the matter. This case and the instant motion were subsequently reallotted to this Section by the Clerk of the Court. *See* Rec. Doc. 22.

1

Interstate 10 on Carrollton Avenue, the trailing bus allegedly traveled too fast for the traffic conditions. *Id.* As the trailing bus approached the exit, a pickup truck driven by Steven Charles cut in front of the bus to enter the gas station on the corner of Washington Avenue and Carrollton Avenue. *Id.* To avoid colliding with the truck, the bus driver slammed on the brakes. Although there was no collision, the sudden stop caused Ms. Shipley to fall. Ms. Shipley suffered a fractured clavicle, injuries to her head and neck, and numerous contusions, for which Ms. Shipley received immediate hospitalization and ongoing medical treatment. *Id.* at 4.

On April 21, 2017, Ms. Shipley sued Mr. Charles and his fictitious insurance company; Lakeland; ProSight; and State Farm Automobile Insurance Company, which is Ms. Shipley's under/uninsured motorist insurer. Ms. Shipley alleges that the negligence of Mr. Charles and Lakeland's bus driver—for whom Lakeland is responsible through the doctrine of *respondeat superior*—caused her injuries. *Id.* Defendant now seeks dismissal pursuant to Rule 12(b)(6).

## II.  LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. *See Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing FED. R. CIV. P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned,

the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." *See Thompson v. City of Waco, Texas*, 764 F.3d 500, 502 (5th Cir. 2014) (citing *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc)). But in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. *Id.* at 502-03 (citing *Iqbal*, 556 U.S. at 678).

To survive dismissal, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. at 678 (internal quotations omitted) (citing *Twombly*, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'",

thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citation omitted).

Finally, "[w]hen reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources ordinarily examined when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

## III. DISCUSSION

On a Rule 12(b)(6) motion to dismiss, the Court considers whether the Plaintiff's Complaint satisfies the liberal pleading standard enunciated in *Twombly* and *Iqbal*. Defendants Lakeland and ProSight move to dismiss the Plaintiff's claim that the bus driver was negligent on the ground that the Plaintiff's allegations are legal conclusions insufficient to support a claim for relief. Defendants contend that the Plaintiff's allegations fail to state a claim for two reasons. First, Defendants argue that Mr. Charles—and not the bus driver—is presumed to be negligent as a motorist changing lanes. Second, Defendants submit that the bus driver cannot be found negligent in stopping suddenly under the sudden emergency doctrine. The Court will address each argument in turn.

### A. Comparative Negligence

Plaintiff claims that her injury was caused by the bus driver's negligent conduct: traveling too fast for the surrounding conditions. According to Plaintiff, the bus driver's action of driving too fast is a contributing cause to the sudden stop. To recover damages arising from negligent conduct under Louisiana Civil Code article 2315, a plaintiff must prove five elements:

> (1) the defendant had a duty to conform his or her conduct to a specific standard of care; (2) the defendant failed to conform his or her conduct to the appropriate standard of care; (3) the defendant's

4

> substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages.

*Brewer v. J. B. Hunt Transp., Inc.*, 35 So. 3d 230, 240 (citing *Pinsonneault v. Merchs. & Farmers Bank & Trust Co.*, 816 So. 2d 270, 275-76)). If two or more parties caused the injury, "the degree or percentage of fault of all persons causing or contributing to the injury . . . shall be determined, regardless of whether the person is a party to the action or a nonparty." La. Civ. Code art. 2323. A court awards damages in proportion to the allocation of fault. *See Brewer*, 35 So. 3d at 244-45.

Moreover, particular statutes and judicial doctrine govern liability for motor vehicle accidents. Louisiana Revised Statutes §§ 32:79 and 32:104 create a presumption of negligence for the motorist that causes an accident when changing lanes without first ascertaining if the movement can be made with reasonable safety. *See id.* at 241. Nevertheless, the favored motorist may still be assessed with comparative fault if her negligent actions contributed to the cause of the accident. *Matherne v. Lorraine*, 888 So. 2d 244, 246 (2004). "[O]nce the presumption of negligence attaches to the defendant, the ordinary rules of comparative negligence apply and, thus, a plaintiff's damage award may be reduced by the degree that he was comparatively at fault." *Id.*

In this case, the Plaintiff avers that the bus driver's conduct of driving too fast is a contributing factor to her injuries. The Complaint describes the bus driver attempting to catch up to the lead bus. It further articulates how this conduct breached a duty by "travelling too fast for the traffic conditions around [the bus driver], failing to observe ordinary care and caution commensurate with the circumstances." These allegations, when viewed as a whole, support a reasonable inference that the bus driver's negligence caused the sudden stop—at least in part. *See Iqbal*, 556 U.S. at 678; *Funk*, 631 F.3d at 783 (quoting *Tellabs, Inc.*, 551 U.S. at 332)). This plausible allegation is sufficient to survive a Rule 12(b)(6) challenge for failure to state a claim.

5

### B. Sudden Emergency Doctrine

Defendants Lakeland and ProSight argue that the bus driver cannot be found negligent because of the sudden emergency doctrine. Defendants state that Mr. Charles alone created the emergency and the need for an immediate stop.

Generally, the sudden emergency doctrine absolves a driver of liability or reduces the driver's allocation of fault – if it can be shown that the driver's actions were prudent given the hazardous condition created by another driver. *Compare Covington v. La. Transit Co.*, 07-827, 980 So. 2d 11, 14-15 (2008) (affirming summary judgment in favor of bus company and holding public carrier not liable for a passenger's fall when the bus stopped short to avoid a collision, an emergency caused solely by the other vehicle, and where the bus driver was not negligent), *with State Farm Mut. Auto. Ins. Co. v. LeRouge*, 995 So. 2d 1262, 1275-76 (2008) (amending the trial court's finding of no liability on the ground that the emergency doctrine did not wholly absolve a party from liability when the party's negligence partially caused the emergency). As the Louisiana Supreme Court instructs:

> One who suddenly finds himself in a position of imminent peril, without sufficient time to consider and weigh all the circumstances or best means that may be adopted to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, *unless the emergency in which he finds himself is brought about by his own negligence*.

*Hickman v. S. Pac. Transport Co.*, 262 So. 2d 385, 389 (La. 1972) (emphasis added).

Plaintiff alleges that the bus was traveling too fast for the surrounding traffic conditions in attempt to catch up to the lead bus. Plaintiff also alleges that Mr. Charles cut in front of the bus, causing the bus driver to slam on the brakes and sending Ms. Shipley hurtling forward to sustain severe injuries.

Nevertheless, Lakeland and ProSight challenge the sufficiency of Plaintiff's negligence allegations against them, suggesting that Mr. Charles's presumed negligence exonerates Lakeland and ProSight from liability. This argument lacks merit. The Plaintiff concedes and indeed alleges that Mr. Charles is liable for Ms. Shipley's injuries. Nonetheless, Mr. Charles's negligence does not preclude a finding of negligence for the bus driver. Even when a motorist is presumed to be negligent for causing an accident, a favored motorist may share liability in proportion to the favored motorist's allocated fault. *See Matherne*, 888 So. 2d at 246.

In the same vein, Lakeland and ProSight contend that the sudden emergency doctrine relieves the bus driver from all liability in her manner of braking, since Mr. Charles—not the bus driver—caused the emergency. Because the Plaintiff's allegations explicitly state that Mr. Charles caused the sudden stop, Lakeland and ProSight argue that the allegations are conclusory because they do not support a theory of causation on the part of the bus driver. The Court disagrees.

Here, Plaintiff not only alleges that Mr. Charles's actions caused the bus to stop short, but also refers to the bus driver's speed as a contributing factor. The Complaint claims that "[w]hile attempting to catch up to the lead bus, upon information and belief, a blue pickup truck operated by Defendant Steven Charles cut in front of the bus on which Plaintiff was a passenger to enter the gas station on the corner of Washington Avenue and Carrolton [*sic*] Avenue. This action by Defendant Steven Charles caused the bus driver of the passenger's bus to have to slam on the brakes to avoid colliding with the blue pickup truck." Compl. at ¶ 10. The Complaint further articulates how this conduct breached a duty by "travelling too fast for the traffic conditions around [the bus driver], failing to observe ordinary care and caution commensurate with the circumstances."

On a motion to dismiss, the Court views all well-pleaded facts in the light most favorable to the Plaintiff. Whether Plaintiff can actually prove how fast the bus was traveling—and causation for her injury—is not a matter for the Court to consider at this pleadings stage. The sudden emergency doctrine does not relieve a party from liability when the party's negligence contributed to the emergency. *See LeRouge*, 995 So. 2d at 1275. Accordingly, considering the facts alleged in the Complaint, the Court finds that Plaintiff has made sufficient pleadings plausible on its face to survive a Rule 12(b)(6) motion.

## IV. CONCLUSION

Based on the foregoing reasons, accordingly,

**IT IS ORDERED** that the Defendants' motion to dismiss (Rec. Doc. 11) is hereby **DENIED**.

New Orleans, Louisiana, this 23rd day of October, 2017.

**ELDON E. FALLON**
United States District Judge